238 F.2d 262
 99 U.S.App.D.C. 186
 Spencer D. GARDNER, Appellant,
v.
UNITED STATES of America, Appellee.
UNITED STATES of America, Appellant.
v.
Spencer D. GARDNER, Appellee.
 Nos. 13166, 13325.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 12, 1956.
Decided Oct. 25, 1956.
 
 [99 U.S.App.D.C. 187] Mr. Spencer D. Gardner, appellant in No. 13166 and appellee in No. 13325, pro se.
 Mr. Marcus A. Rowden, Attorney, Department of Justice, of the bar of the Supreme Court of Michigan, pro hac vice, by special leave of Court, for appellee in No. 13166 and appellant in No. 13325. Messrs. George S. Leonard, Acting Asst. Atty. Gen., Oliver Gasch, U.S. Atty., and Paul A. Sweeney, Attorney, Department of Justice, were on the brief for appellee in No. 13166 and appellant in No. 13325. Messrs. Leo A. Rover, U.S. Atty., at the time record was filed, and Lewis Carroll, Asst. U.S. Atty., and Mr. Richard M. Markus, Attorney, Department of Justice, also entered appearances for appellee in No. 13166. Messrs. Lewis Carroll and Milton Eisenberg, Asst. U.S. Attys., also entered appearances for appellant in No. 13325.
 Before EDGERTON, Chief Judge, and FAHY and DANAHER, Circuit judges.
 PER CURIAM.
 
 
 1
 Plaintiff's complaint alleges he was wrongfully evicted by a Deputy United States Marshal. The District Court denied motions for summary judgment and granted a motion to dismiss for lack of jurisdiction. Cross appeals followed.
 
 
 2
 We think the court was clearly right. The Marshal was acting in execution of a writ of the Municipal Court for the District of Columbia. Accordingly he was not 'acting within the scope of his office or employment' by the Government of the United States, and the United States has not consented to be sued for his alleged misconduct. 63 Stat. 62, 28 U.S.C. § 1346(b). If the District Court had had jurisdiction of the present suit, the United States would have been entitled to summary judgment, for the complaint and affidavits show that the Marshal lawfully evicted the plaintiff after proper notice.
 
 
 3
 Affirmed.